UNITED STATES of America, Plaintiff–Appellee,

v.

**Phillip GREENE, Defendant–Appellant.**

No. 14–10359.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 16, 2015.

Michael Anthony Humphreys, Assistant U.S., Phillip Nelson Smith, Jr., Assistant U.S., Nicholas Dana Dickinson, Assistant U.S., Adam McMeen Flake, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Amy B. Cleary, Assistant Federal Public Defender, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

### MEMORANDUM **

Phillip Greene appeals from the district court's judgment and challenges the 262–month sentence imposed following his jury-trial conviction for being a felon in

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Greene challenges the district court's conclusion that his conviction under Nevada Revised Statutes § 199.305 is a violent felony under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). We agree with the parties that the judgment should be vacated and the case remanded in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2557, 192 L.Ed.2d 569 (2015), which held that the residual clause is unconstitutionally vague.

**VACATED and REMANDED for resentencing.**